## Case No. 1,834.

BRENT v. BANK OF WASHINGTON.

[2 Cranch, C. C. 517.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

BANKS AND BANKING—DEATH OF STOCKHOLDER—DIVIDENDS—SET-OFF—LIEN—PROMISSORY NOTES—NOTICE.

1. Upon the death of a stockholder in the Bank of Washington, insolvent, and indebted to the United States, the bank has no right to set off the dividends accruing upon his stock, after his death, against notes upon which he was indorser.

2. The Bank of Washington has no specific lien upon the dividends of its stockholder, in consequence of its right to prevent a transfer of the stock, until his debt to the bank should be paid.

[See note at end of case.]

3. After the death of a customer of the bank, a notice, left with the person who was authorized by him, in his lifetime, to receive notices for him, does not bind his executors.

[Followed in Bank of Washington v. Pierson, Case No. 953.]

At law. Assumpsit for dividends upon the testator's bank stock, accruing after his death, having died insolvent, and largely indebted to the United States. He was also indebted to the bank, as indorser of discounted notes. The bank claimed a lien on his stock, under the 11th section of their charter, and a right to set off the dividends against this debt. One of the notes offered as a set-off became due after his death. His will was proved about a month after the note became payable, but the executors did not obtain letters testamentary until nearly two years afterwards. No notice of nonpayment by the maker was ever given to the executors, nor any inquiry made for them; but notice was given to J. H. Reily, with whom the testator had agreed, in his lifetime, that notices for him should be left.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion that such notice was not sufficient.

THE COURT also (THRUSTON, Circuit Judge, doubting) decided that the bank had no specific lien upon the dividends accruing after the death of the testator, he being insolvent, and indebted to the United States. The lien upon the stock is given by the charter; but it is only given by means of the power to refuse to permit a transfer to be made on the books of the bank until the debt due by the stockholder to the bank is paid. The charter gives no power to retain the dividends; and, upon the death of the testator, new rights accrued. The bank had no right to set off the dividends accruing after the death of the testator.

[NOTE. Subsequently the bank and the United States both laid claim to the stock,—the former by reason of a provision in its charter giving a lien, and the latter under a claim of priority. The circuit court found in favor of the bank, and this finding was affirmed, on appeal, by the supreme court. See Brent v. Bank of Washington, 10 Pet. (35 U. S.) 596.]

---

BRENT (BANK OF WASHINGTON v.). See Case No. 948.

---

## Case No. 1,835.

BRENT et al. v. BECK.

[5 Cranch, C. C. 461.] [1]

Circuit Court, District of Columbia. March Term, 1838.

REPLEVIN—WHEN LIES—CUSTODIA LEGIS.

If a constable, having a warrant to arrest a man on a charge of forgery, seize and search his trunk, and find therein articles which he suspects were stolen, and takes them into his custody, they are not thereby in the custody of the law, but may be replevied.

[See Wood v. Weimar. 104 U. S. 792. Contra, Murphy v. Tindall, Case No. 9,952a.]

At law. This was a rule to show cause why a writ of replevin, issued in the name of W. L. Brent and Robert J. Brent, against Lambert S. Beck, should not be quashed, because the goods replevied were in the custody of the law. The defendant being a constable, and having a warrant to arrest one Henderson, upon a charge of forgery, searched his trunk, and finding therein some articles which he suspected were stolen, he took them into his custody, which custody Mr. Bradley, for defendant, contended was the custody of the law, and cited Dalt. Just. 409; 1 Chit. Cr. Law, 819, 865, 867.

THE COURT (THRUSTON, Circuit Judge, absent) stopped Mr. Brent, who was about to reply, and refused to quash the replevin. CRANCH, C. J., observed that the property did not apear to have been in the custody of the law. Mr. Beck may have done right in taking the goods, but having no warrant therefor, or to arrest Henderson for theft, his custody was not the custody of the law, so as to make it any contempt of this court, or of any court, to replevy them. Rule discharged.